Dolores Romañat y Ross, Plaintiff and Appellee, *v.* White Star Bus Line, Inc., Defendant and Appellant.

No. 5773. Argued February 10, 1932.—Decided July 29, 1932.

*J. H. Brown, C. Ruiz Nazario, G. E. González, G. Benítez Gautier (F. Prieto Azúar and Salvador Suau, on the brief), and Guerra Mondragón & Soldevila for appellant. M. Acosta Velarde for appellee.*

MR. JUSTICE WOLF delivered the opinion of the Court.

The practically undisputed fact in this case is that the jitney of the defendant invaded the sidewalk where the plaintiff was walking, struck her, and caused her injuries. After a trial, the District Court of San Juan rendered judgment against the defendant in the sum of $7,500.

The first assignment of error related to the refusal of the court to strike out certain particular of the complaint

relating to the pathologic condition in which the plaintiff found herself. In answer to this assignment of error the plaintiff says that the defendant was in no position to raise it inasmuch as on making its motion to strike it took no exception. A motion to strike is specifically covered by section 213 of the Code of Civil Procedure exempting the necessity of certain exceptions, as follows: ". . . an order or decision made upon a contested motion..." A motion overruled must be considered as contested.

The words "pathological condition" may cover a multitude of matters. The words may describe all sorts of inabilities or inhibitions and we are not prepared to say at this juncture that such averment of damages may not be a description of real injury. However, considering from the whole evidence that the court was justified in finding damages, we hold that if any error there was it was not prejudicial. Section 142 of the Code of Civil Procedure is applicable.

In the brief of the defendant filed in the court below and on appeal it maintained that its act was one done in emergency. At the time of this accident automobiles entered the city of San Juan by way of Allen Street. There are several short cross-streets at the entrance of the city, and when the jitney of the defendant arrived at a spot between O'Donnell Street and Gámbaro Alley, there were various cars or trucks parked on the right-hand side of Allen Street, on the north. It is evident that at no time did the chauffeur of the jitney take notice of whether people were walking on the sidewalk or not. His theory and the theory of the defendant was that a truck on the right-hand side of the street made a sudden movement towards the left, which caused the jitney of the defendant likewise to make a movement further to the left and thus with the body of the jitney invade the sidewalk.

The answer of the defendant was either insufficient or was not a frank statement of the defense of acts performed in emergency. The nearest approach to such a statement was that the accident was a casual one; in other words, un-

avoidable. We question whether the case was really tried on the question of acts done in emergency until the defendant presented its brief to the court below. We are not prepared to state, however, that a defendant may not rely upon such a defense despite the failure to set it up in the answer.

The testimony of the chauffeur of the vehicle shows that one of his principal ideas was to keep on moving. He testified that after the accident he could not stop for a block or so because the traffic rules prohibited it. He came along Allen Street with the same idea that he should keep moving. It is practically conceded that while he was not going at a very high rate of speed he was not proceeding slowly. The answer of the defendant relied upon acts of contributory negligence and the fortuitous nature of the accident. The answer even denied that the jitney had penetrated the sidewalk, when it is evident that if the chauffeur was at all examined by his chiefs the defendant must have been informed that the body of the jitney did in fact protrude onto the sidewalk and hit the plaintiff. In various cases we have considered a complaint or an answer amended to conform to the evidence generally to affirm the judgment of the court below. We might go farther and help out a defendant where his defense was clearly an act performed in an emergency. We infer that the idea of an act committed in emergency was something of an afterthought.

The District Court of San Juan did not believe that there was any act performed in emergency. We shall not quote all the reasoning of the court. Part of it was that the jitney of the defendant in trying to get well to the left could only penetrate the sidewalk if the vehicle was running close up to and parallel to such sidewalk; that to run in parallel form it must have taken an appreciable amount of time and could not have been done suddenly. The defendant-appellant argues that all of these things might have taken place rapidly, despite the finding of the court, and there is such a possibility, but the judge who heard the evidence was in a complete posi-

tion to make a finding of whether the act was or not performed in emergency.

As we know and stands out in the evidence, Allen Street is a very narrow one with little more than street room for two vehicles. Therefore, when a jitney entered the city and saw vehicles parked to the right the chauffeur was bound to take notice of them. He should have realized, as everyone does, that any car so parked may start up suddenly. Hence, his speed should have been so regulated as to anticipate this possibility. We are far from saying that an emergency might not arise by which a chauffeur could not make such an anticipation. But such a situation does not arise from the facts of this case. People have a right to walk on the sidewalks and to consider themselves safe there, as the court held. If what the employee of the defendant did could be considered as an act in emergency, then foot-passengers would have to be eternally on guard. It would then be questionable whether the jitneys should be allowed to enter the narrow streets of San Juan. A public service corporation must conduct itself in accordance with the actual situation of passengers on the sidewalk.

As we have held in various cases, the act of letting the body of the car penetrate the sidewalk was a prima facie case of negligence. *Rivera* v. *Currá,* 33 P.R.R. 925; *De Gracia* v. *Guardiola,* 37 P.R.R. 774.

One of the physicians who attended the plaintiff was examined at length as to the injury. Various physicians had examined the plaintiff and one of them was Dr. Manuel Díaz García. He was called as a witness for the defendant, and the plaintiff objected to his telling any part of the history of her case and why he was called. The court sustained the objection, and the defendant noted an exception. The exception is made the subject of the third assignment of error.

In the first place, we agree with the plaintiff that the defendant did not make it clear by a specific offer what it intended to prove by the said witness. 8 Bancroft, Code

Practice and Remedies, page 8497, section 6448; Id., pages 8813, 8814, and 8815, section 6647. Hence, the ruling of the court may be sustained on this ground.

We find no waiver of the plaintiff's privilege in regard to Dr. Díaz García in the fact that she called another physician who attended her to testify in her behalf. Of course, if the other physician was present at the time of the treatment of the physician called for the plaintiff, the law usually considers the privilege waived. Jones, Commentaries on Evidence (2d ed.), page 4188, section 2196, *Jones* v. *City of Caldwell*, 116 Pac. 110; 28 R.C.L. 547, section 137.

Dr. Díaz García may have been called because of doubts or fears of the patient, but whatever her motives the privilege was hers and the law protects it.

The plaintiff also appealed insisting that the award of damages for $7,500 was not sufficient. The defendant, on the other hand, maintains that the damages awarded were too high. The plaintiff alleged and attempted to show that she had incurred expenses for hospital and medical treatment to the extent of $3,472.26. We have examined the evidence. The accident was an extraordinary one in that the plaintiff suffered absolutely no permanent external injury. What the proof of her experts tended to show was that a tubercular or quasi-tubercular condition set in and perhaps other sequela as a result of the accident. The plaintiff also maintained that she may have other and future hospital expenses to be paid. We are not satisfied as a matter of fact or of law that the plaintiff's condition resulted exclusively from the accident, or that the condition in which she finds herself is one that by itself should mulct the defendant in any considerable damages. The hospital and medical expenses we find entirely excessive. They are subject to the same doubts as the measure of damages for the accident itself. Likewise, given the earning capacity of the plaintiff, we do not think the medical and hospital charges should have been as great as they were alleged to be.

While in various cases we have attempted to analyze the evidence to justify a reversal, we nevertheless frequently are in a similar position to the court below and the arriving at a particular amount of damages is a matter of conjecture and discretion. We may not have thoroughly analyzed all the reasons for a modification of the amount awarded or at which we have arrived, but we think that the plaintiff should be limited to a recovery of $4,000.

Under the recited circumstances, we find no error in the imposition of costs.

The judgment will be modified accordingly, and, as modified, affirmed.

The Chief Justice and Mr. Justice Córdova Dávila took no part in the decision of this case.